DAMOORGIAN, J.
Jennifer Harvard, on behalf of her son, a minor, appeals the circuit court’s denial of her petition for a writ of mandamus which, if granted, would have compelled the Village of Palm Springs (the “Village”) to produce law enforcement records relating to a juvenile investigation. We hold that the Village was not required to produce the requested records, and affirm.
Harvard is seeking records of the Village’s law enforcement investigation of an incident between her son and another minor which did not result in any criminal charges. Specifically, Harvard is seeking a copy of the juvenile offense report and a copy of a videotaped interview of her son taken,,during the investigation. The Village denied her initial public records request, citing section 985.04(1), Florida Statutes (2009). In pertinent part, section 985.04(1) provides that:
[A]ll information obtained under [the juvenile justice] chapter in the discharge of official duty by any judge, any employee of the court, any authorized agent of the [juvenile justice] department, the Parole Commission, the Department of Corrections, the juvenile justice circuit boards, any law enforcement agent, or any licensed professional or licensed community agency representative participating in the assessment or treatment of a juvenile is confidential and may be disclosed only to the authorized personnel of the court, the [juvenile justice] department and its designees, the Department of Corrections, the Parole Commission, law enforcement agents, school superintendents and their designees, any licensed professional or licensed community agency representative participating in the assessment or treatment of a juvenile, and others entitled under [the juvenile justice] chapter to receive that information, or upon order of the court.
Fla. Stat. § 985.04(1).
After receiving the Village’s response, Harvard filed her petition with the circuit court. The court denied Harvard’s petition, and this appeal now follows.
We review the circuit court’s denial of Harvard’s petition for an abuse of discretion. Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009) (trial court’s decision on petition for writ of mandamus is reviewed for an abuse of discretion). *647 However, to the extent our decision turns on statutory interpretation, we apply a de novo standard of review. Anthony v. Gary J. Rotella & Assocs., PA., 906 So.2d 1205 (Fla. 4th DCA 2005) (“[t]he standard of review of a trial court’s application and interpretation of Florida law is de novo”).
Harvard argues that the Village was required to produce the requested records because she falls under one of the exceptions to section 985.04(l)’s confidentiality provisions. Specifically, Harvard asserts that she is entitled to records under section 985.04(3), which provides that “[a] law enforcement agency may release a copy of the juvenile offense report to the victim of the offense.” Harvard also contends there is no exemption or confidentiality clause in any Florida Statute prohibiting the Village from releasing the videotaped interview of Harvard’s son to Harvard.
The Village concedes that Harvard, as the representative of her son, qualifies as a “victim.” However, the Village emphasizes that although section 985.04(3) permits the release of a juvenile offense report to a victim, such a release is discretionary, not mandatory. In support of its argument, the Village emphasizes the presence of the word “may” in the statute.
First, we address whether the Village was required to produce the requested juvenile offense report to Harvard under section 985.04(3). Our analysis begins by applying accepted rules of statutory construction. “Legislative intent is the polestar that guides a court’s statutory construction analysis.” Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). In attempting to discern legislative intent, we first look to the actual language used in the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). If the statute is clear and unambiguous, we will not look behind its plain language for legisla-five intent or resort to rules of statutory construction to ascertain intent. See Lee County Elec. Coop., Inc. v. Jacobs, 820 So.2d 297, 303 (Fla.2002). In such an instance, “the statute’s plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent.” State v. Burris, 875 So.2d 408, 410 (Fla.2004). Here, the issue is whether the term “may” as used in section 985.04(3) is permissive or mandatory. We hold that the plain language of section 985.04(3) is unambiguous, and thus interpret the word “may” as a permissive term. Noel v. Sheldon J. Schlesinger, P.A., 984 So.2d 1265, 1267 (Fla. 4th DCA 2008) (“The word ‘may’ denotes a permissive term rather than the mandatory connotation of the word ‘shall.’”) (citations and quotations omitted). Accordingly, we affirm the trial court’s ruling that the Village was not required to produce the requested juvenile offense report to Harvard.
Lastly, we address Harvard’s claim that she is entitled to a copy of her son’s videotaped interview. Contrary to Harvard’s assertion that there is no law prohibiting her from obtaining the video, section 119.071(2)(h)l.a-c, Florida Statutes (2009), provides that a video of a victim is exempt from a public records request if it is taken during the course of one of several enumerated types of criminal investigations. The investigation in this case falls under this exemption.
For the foregoing reasons, we affirm the circuit court’s denial of Harvard’s petition for writ of mandamus.

Affirmed.

MAY, C.J., and TUTER, JACK, _ Associate Judge, concur.