WARNER, J.
The trial court dismissed appellant’s petition for writ of mandamus to compel production of public records, finding that the petition failed to show appellant’s standing to bring the action. Accepting the well-pled allegations as true, as we must, the petition showed that appellant had sent appellee an e-mail request for documents. No more is required to show standing. We therefore reverse.
As alleged in the petition for writ of mandamus, “On November 22, 2011, [appellant] made a public records request by e-mail to the City .... ” The petition quoted from this e-mail, which was attached to the petition and on its face showed that it was sent from leo.namesxxx@xxxxx.[1] Although the attached e-mail did not include a person’s name, the body of the e-mail used the pronouns “I” and “me.” The petition also alleged that appellant had sent three other e-mails to city employees requesting documents. These e-mails, also attached as exhibits to the petition, showed they were sent from the same e-mail address.
The city clerk responded to the e-mails by notifying the sender that the sender must fill out a form on the city’s web page for obtaining public documents. No form was filled out, and five months later, a sender from the same e-mail address again e-mailed the city and asked when the sender would receive the documents. Again, the clerk informed the sender that the city’s form needed to be filled out in order for the city to determine the cost of production of the documents.
A month later, appellant filed a petition for writ of mandamus demanding production of certain public records, and also seeking attorney’s fees and costs under the Public Records Act. The petition alleged that appellant had sent the e-mails and that he was a “person” as used in the Act, section 119.07(1), Florida Statutes (2012). The trial court issued an order to show cause directing the city to provide access to the requested public records or serve a written response showing why the petition should not be granted. The city moved to dismiss the petition, arguing that appellant lacked standing to bring the petition because it did not allege that appellant was a “stakeholder in interest” in the controversy nor demonstrate that appellant had a connection with the e-mail address from which the requests were sent. It also argued that appellant needed to fill out the city’s form in order to secure an estimate of the cost of production. However, after appellant filed the petition, the city provided him an estimate of $0.90 to obtain the public records requested in the e-mail. *1083 The trial court granted the city’s motion and dismissed the petition, prompting this appeal.
This court reviews an order dismissing a petition for writ of mandamus de novo. Barnett v. Antonacci, 122 So.3d 400, 404 (Fla. 4th DCA 2013).
Florida’s Public Records Act requires public records custodians to allow inspection and copying of public records “by any person desiring to do so.” § 119.07(l)(a), Fla. Stat. (2013); see also Art. I, § 24, Fla. Const. (providing right to access public records and meetings). Mandamus is “an appropriate remedy to compel the timely production of public records requested] under Chapter 119.” Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996).
“A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law.” Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997). Under Florida Rule of Civil Procedure 1.630(b), a petition for writ of mandamus must “contain the facts on which the plaintiff relies for relief, a request for the relief sought, and, if desired, argument in support of the petition with citations of authority.” Id. at 816. “If the complaint shows a prima facie case for relief, a trial court must issue an alternative writ of mandamus,” and “[o]nce an alternative writ has issued, the burden is on the respondent to come forth with facts upon which it refused to perform its legal duty.” Id.
To establish a clear legal right to the performance of an act, a petitioner must establish standing. “Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly.” Hayes v. Guardianship of Thompson, 952 So.2d 498, 505 (Fla.2006). “In determining whether to dismiss a complaint for lack of standing, we must confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true.” Gordon v. Kleinman, 120 So.3d 120, 121 (Fla. 4th DCA 2013) (quoting Wheeler v. Powers, 972 So.2d 285, 288 (Fla. 5th DCA 2008)). The exhibits attached to a complaint “are encompassed within the four corners of the complaint and must be considered therewith” on a motion to dismiss. Abele v. Sawyer, 750 So.2d 70, 74 (Fla. 4th DCA 1999); see also Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”).
In the present case, the city argues that appellant’s petition was properly dismissed because it failed to establish standing, since the petition failed to establish an “identifiable connection” between appellant and the e-mail address at issue. However, the petition alleged that appellant had made a public records request via e-mail, and attached the e-mails sent from the email address at issue. The clear implication is that this e-mail address belongs to appellant, or at least that appellant utilized the address to make the public records request. See Gordon, 120 So.3d at 121 (on motion to dismiss, court must “draw all inferences in favor of the pleader”). This is all that is required to establish standing to file a petition for mandamus seeking the production of public records. While the appellant will still be required to prove the allegations of the complaint, i.e., that he sent the e-mail requests for public records, his petition sufficiently alleged standing to preclude dismissal.
The city also maintains that the petition failed to state a claim for relief, and thus *1084 the trial court correctly dismissed the case. Specifically, the city argues, based on the uncontested facts alleged in the petition, that it did not improperly deny access to the requested records, but rather wanted to obtain payment prior to furnishing the records. The city contends that the requirement for the requester to fill out the city’s form was merely an attempt to obtain an “address or other identifiable source of payment of the associated costs.”
Although section 119.07(1), Florida Statutes, allows a custodian to impose “reasonable conditions” on the disclosure of public records, the Florida Supreme Court has narrowly interpreted this phrase as:
refer[ring] not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
Wait v. Fla. Power & Light Co., 372 So.2d 420, 425 (Fla.1979).
The Public Records Act authorizes a custodian to collect a fee, prior to disclosing the records, for the cost of copying the records. § 119.07(4), Fla. Stat. (2013) (providing the custodian “shall furnish a copy ... of the record upon payment of the fee prescribed by law”). The custodian may also collect a special service charge for requests that “require extensive use of information technology resources or extensive clerical or supervisory assistance ....” § 119.07(4)(d), Fla. Stat. (2013). However, when a custodian receives a written request by mail for public records and for information regarding copying costs, the custodian has a duty to respond with the amount of the fee and, once the requester has forwarded the fee, to produce the records. Woodard v. State, 885 So.2d 444, 445-46 (Fla. 4th DCA 2004); see also Wootton v. Cook, 590 So.2d 1039, 1040 (Fla. 1st DCA 1991).
“[T]he Public Records Act does not condition the inspection of public records on any requirement that the person seeking to inspect records reveal that person’s background information.” Bevan v. Wanicka, 505 So.2d 1116, 1118 (Fla. 2d DCA 1987). Furthermore, “[a] requester’s motive for seeking a copy of documents is irrelevant” to the requester’s right to access the records. Microdecisions, Inc. v. Skinner, 889 So.2d 871, 875 (Fla. 2d DCA 2004) (finding “the fact that a person seeking access to public records wishes to use them in a commercial enterprise does not alter his or her rights under Florida’s public records law”); see also Warden v. Bennett, 340 So.2d 977, 978 (Fla. 2d DCA 1976) (finding the fact that the requester “intended to use [the public records] to help her in her labor organizing was irrelevant”).
We agree with the Attorney General that “[a] person requesting access to or copies of public records, therefore, may not be required to disclose his [or her] name, address, telephone number or the like to the custodian, unless the custodian is required by law to obtain this information prior to releasing the records.” Op. Att’y Gen. Fla. 92-38 (1992) (in footnote 14, giving example of section 320.05, Florida Statutes, which requires DHSMV to record the name and address of any person who requests or receives information from a motor vehicle registration record); see also Op. Att’y Gen. Fla. (May 27, 2011) (informal opinion) (reiterating that an anonymous requestor may not be forced to disclose his or her name, address, telephone number, or similar identifying *1085 information).[2]
If a public agency believes it is necessary to provide written documentation of a public records request, it may require the custodian to complete an appropriate form or document. However, the person requesting the information cannot be required to provide such documentation in order to inspect or receive copies of public records. As the court in Sullivan v. City of New Port Richey, [No. 86-1129CA (Fla. 6th Cir.Ct. May 22, 1987), affirmed without opinion, 529 So.2d 1124 (Fla. 2d DCA 1988) ] recognized, a requestor’s failure to complete a city form required for access to documents does not authorize the custodian to refuse to honor a request to inspect or copy public records.... The duty of a custodian to safeguard records is not sufficient to justify the imposition of an additional condition, which might for some have a chilling effect on access to public records.
Op. Att’y Gen. Fla. 91-76 (1991) (emphasis added) (footnotes omitted).
In sum, the city could not properly condition disclosure of the public records, to the then-anonymous requester on filling out the city’s form and giving an “address or other identifiable source for payment of the associated costs.” The city could have sent an estimate of costs through e-mail to the requester just as it could through regular mail, had the request been made via paper by an anonymous requester. Requiring appellant to provide further identifying information pri- or to disclosure could have a chilling effect on access to public records and is not required by the Public Records Act. Therefore, we reject the city’s contention that the petition failed to state a cause of action.
For the foregoing reasons, we reverse and remand for further proceedings.
MAY and LEVINE, JJ., concur.

. The full e-mail address has been truncated pursuant to Florida Rule of Judicial Administration 2.425(a)(5)(A).

. Attorney General opinions are available at: http://www.myfloridalegal.coin/opimons.