DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1773

[April 22, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 96-24813CF10A.

Charles Williams, Doral, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

This appeal challenges the trial court's procedure in ruling on a criminal defendant's petition for writ of mandamus. The petitioner appeals an order denying his petition to secure the *Miranda*[1] waiver form introduced during his trial. He argues the trial court erred in denying his petition without issuing an alternative writ to show cause why the petition should not be granted and in failing to conduct an evidentiary hearing to resolve disputed issues of fact. We agree the trial court failed to follow the correct procedure and reverse.

The petitioner made a public records request for a copy of *the Miranda* waiver form introduced during his trial. After serving multiple record requests to the Broward County Clerk of Court and State Attorney's Office over a course of years, his brother finally obtained a copy of *a Miranda* waiver form. He now claims that the form provided is NOT the same form introduced at trial.

He bases his claim on trial testimony from a police officer, in which the

---

[1] *Miranda v. Arizona,* 384 U.S. 434 (1966).

officer referred to the document as an "Affidavit of Conform," and described the rights on the form differently than as written on the "Waiver of Counsel" form provided by the State Attorney's Office to his brother. He also claims that the signature on the "Waiver of Counsel" form provided is not his signature.

A civil division judge found the petition legally sufficient, and then transferred the case to the criminal division of the court. The petitioner filed an express request for the court to rule on his petition, which had been pending for three years. The trial court denied the petition, and entered an order prohibiting the defendant from further *pro se* filings. From the order denying the petition and his motion for rehearing, the petitioner now appeals.

We have de novo review. *Chandler v. City of Greenacres*, 140 So. 3d 1080, 1083 (Fla. 4th DCA 2014).

The petitioner argues that the *Miranda* form provided to his brother is not the same as the form introduced at trial, and therefore does not satisfy his public records request. He argues the trial court was obligated to issue an alternative writ in mandamus and conduct an evidentiary hearing to resolve the factual dispute of whether the form produced satisfied his public records request. The State responds that the petition was legally insufficient because the petitioner received a copy of *a Miranda* form. The petitioner replies that the form provided was not same as the form introduced at trial.

Section 119.07 requires records custodians to "permit the record to be inspected and copied by any person desiring to do so." § 119.07(1)(a), Fla. Stat. (2014). "Mandamus is 'an appropriate remedy to compel the timely production of public records requested[ed] under Chapter 119.'" *Chandler*, 140 So. 3d at 1083 (alteration in original) (quoting *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996)).

To obtain a writ of mandamus, the initial pleading must contain: "(1) facts on which the plaintiff relies for relief; (2) a request for the relief sought; (3) and if desired, argument in support of petition with citations of authority." Fla. R. Civ. P. 1.630(b). "If the complaint shows a prima facie case for relief, the court *shall* issue . . . an alternative writ in mandamus . . . ." Fla. R. Civ. P. 1.630(d)(2) (emphasis added). "If the petition and answer to the alternative writ raise disputed factual issues, the trial court must resolve these issues upon evidence submitted by the parties." *Radford v. Brock*, 914 So. 2d 1066, 1068 (Fla. 2d DCA 2005).

The petitioner alleged that he requested a copy of *the Miranda* form entered into evidence at trial, but received a different form after multiple requests to the Clerk and the State. He requested the court to direct the Clerk and the State to produce a copy of the *true Miranda* form. The petitioner supported his request with legal authority and record excerpts supporting his claim. Because the petition established a legally sufficient basis for relief, as determined by the civil court judge, the criminal court judge erred in denying the petition without issuing an alternative writ in mandamus and conducting an evidentiary hearing, if necessary. *Parish v. State*, 59 So. 3d 1229, 1230–31 (Fla. 4th DCA 2011); *see also Radford*, 914 So. 2d at 1068–69.

Here, the petition stated a legally sufficient claim. It alleged that the form produced was NOT the same as the form introduced at trial. The date on the form produced differed from the date on the form introduced at trial, and the signature on the form produced varied from the petitioner's signature. In short, the court erred in not issuing an alternative writ in mandamus. If the response to the alternative writ does not resolve the factual issue of whether the form produced is the same as the form introduced at trial, the court should hold an evidentiary hearing.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3