District Court Of Appeal Of The State Of Florida
Fourth District

**JACOBS KEELEY, PLLC,**
Petitioner,

v.

**CHIEF JUDGE OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
Respondent.

No. 4D14-4162

[June 17, 2015]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Chief Judge Peter M. Weinstein.

Roy D. Wasson of Wasson & Associates, Chartered, Miami, Margery Golant of Golant & Golant, P.A., Boca Raton, and Bruce Jacobs of Jacobs Keeley PLLC, Miami, for petitioner.

Mihaela Cabulea, Senior Trial Court Staff Attorney, Broward County Courthouse, Fort Lauderdale, for respondent.

GROSS, J.

Jacobs Keeley, PLLC, a law firm, seeks a writ of mandamus to compel the chief judge of the Seventeenth Judicial Circuit to comply with its request for public records regarding reassignment of cases following judicial disqualification in the circuit's foreclosure division. We deny the petition for writ of mandamus in part and order production of certain e-mails claimed to be privileged.

The law firm filed a broad records request in October 2014. The general counsel of the Seventeenth Judicial Circuit responded that an e-mail search of the time period requested had resulted in location of 41,691 e-mails. The Circuit proposed to charge $227 for securing the e-mails and $36,782 for review, determination, redaction, and printing of the records requested; the Circuit sought a cost deposit of $25,000. The scope of the e-mail search was tailored to mirror the broad initial request.

The Circuit provided the law firm with its search criteria and asked if the firm could suggest different search criteria. The law firm declined to

do so, stating that it was unreasonable to "force" it to advise the court how to design queries on the Circuit's database.

The Circuit narrowed the search to the chief judge and his judicial assistants; 223 e-mails were identified, with only $219.73 in related charges. The law firm was unhappy with the narrow scope of this request. The Circuit provided records responsive to this narrow request except for 14 e-mails determined to be confidential. On the morning of October 31, 2014, the Circuit proposed four different query options which led to the identification of 752 to 4,258 e-mails, with related charges.

The law firm filed its petition for mandamus at 6:41 p.m. on October 31, 2014; the petition did not advise this Court of the Circuit's response from earlier that morning. After the petition was filed, based on e-mails from the law firm, the Circuit designed a different search parameter that identified 544 e-mails. Ultimately, the law firm picked up 82 emails based upon one of the search requests.

Mandamus lies to compel a lower official to perform a clear ministerial duty. *See Pleus v. Crist*, 14 So. 3d 941, 945 (Fla. 2009). "A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." *Chandler v. City of Greenacres*, 140 So. 3d 1080, 1083 (Fla. 4th DCA 2014) (quoting *Smith v. State,* 696 So. 2d 814, 815 (Fla. 2d DCA 1997)).

The law firm has not established that the Circuit failed to perform a clear legal duty. Although it complains about the failure to use certain search terms, the law firm refused to participate in the search process below by suggesting any search terms or setting parameters for the search or requesting a hearing on the scope of the search or the reasonableness of the proposed charges. This record does not demonstrate that the Circuit acted unreasonably in response to the record request so as to trigger the obligation to perform a clear ministerial duty. Insofar as it is directed to the adequacy of the Circuit's response, the petition for writ of mandamus is denied.

*Withheld Records*

The Circuit withheld production of 14 e-mails, citing Florida Rules of Judicial Administration 2.420(c)(1) and 2.420(c)(7), and section 90.502, Florida Statutes (2014) pertaining to the attorney-client privilege.

The e-mails in question qualify as "administrative records" within the meaning of Rule of Judicial Administration 2.420(b)(1)(B).

Rule 2.420(c) provides for confidentiality of certain judicial branch records. There are two provisions that might be relevant here:

(1) Trial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record;

(2) Memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed shall be no broader than necessary to protect the compelling governmental interest involved, and a finding shall be made that no less restrictive measures are available to protect this interest. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge;

Fla. R. Jud. Admin. 2.420(c)(1) & (2).

We disagree with the law firm's narrow interpretation of Rule 2.420(c)(1) that would limit the rule to records relevant to disposing of a *particular* case. Judges or court staff often exchange ideas about legal issues that frequently arise. Such ongoing discussions are part of a "court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts," even if the discussions are not tied to a particular case. Fla. R. Jud. Admin. 2.420(c)(1).

E-mails exchanged within a Circuit concerning the adoption of a proposed administrative order "relate to the administration of the court" within the meaning of Rule 2.420(c)(2) and may be kept confidential only "to protect a compelling governmental interest." The Circuit does not rely upon a subsection (2) claim of confidentiality as a basis for non-disclosure.

We have examined the e-mails provided and conclude that one e-mail pertains to the Circuit's decision making process—the April 11, 2014 e-mail from a staff attorney to the chief judge transmitting a proposed order making a ruling in a particular case. The remainder of the e-mails are subject to disclosure. We have examined the e-mails and conclude that the attorney-client privilege does not disqualify the remaining e-mails from public records disclosure.

WARNER and MAY, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***