DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICK MOELLER,**
Appellant,

v.

**SOUTHEAST FLORIDA BEHAVORIAL HEALTH NETWORK, INC.,
ANN BERNER,** and **LINDSAY SLATTERY-CERNY,**
Appellees.

No. 4D2023-2210

[August 14, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 502022CA009330.

Lydia J. Henderson, Jacksonville, for appellant.

Glen J. Torcivia of Torcivia, Donlon, Goddeau & Rubin, P.A., West Palm Beach, for appellees.

GERBER, J.

This case arises from a man's suicide eighteen hours after his discharge from a mental health center licensed under section 394.451, et seq., Florida Statutes (2022), known as the Baker Act.

The man's father appeals from the circuit court's final order denying the father's mandamus petition. The father's mandamus petition had sought to compel the mental health center's managing entity to disclose, as a public record, the managing entity's report investigating the son's treatment and discharge from the mental health center.

The father primarily argues the circuit court erred in entering the final order based on non-evidentiary findings of fact without having issued an alternative writ of mandamus directing the managing entity to respond to the petition.

We agree with the father's primary argument, reverse the final order, and remand for further proceedings as directed at the end of this opinion.

We present this opinion in six parts:
1. The father's mandamus petition;
2. The circuit court's non-evidentiary hearing;
3. The circuit court's final order denying the mandamus petition;
4. The father's motion for rehearing and to vacate the final order;
5. The parties' arguments on appeal; and
6. Our review.

### 1. *The Father's Mandamus Petition*

The father's mandamus petition named the managing entity and its chief executive officer (CEO) and records custodian as respondents, and pertinently alleged the following background.

After the son's death, the father requested the managing entity's report investigating the son's treatment and discharge from the mental health center. The managing entity's records custodian initially informed the father that the managing entity would provide the father with the investigation report upon its completion by a certain date.

When the managing entity did not provide the father with the investigation report by that date, the father and his wife, over the next three months, contacted the records custodian numerous times regarding the investigation report. The records custodian provided differing responses, or no response, as to why the managing entity had not provided the investigation report.

Four months after the father had requested the investigation report, the managing entity's CEO informed the father's wife that the father would not receive the investigation report. The CEO said the investigation report was protected from disclosure under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") because the investigation report referred to persons other than the son.

Five days later, the father e-mailed the CEO, demanding the managing entity either provide him with the investigation report or state the managing entity's claimed exemption from doing so pursuant to section 119.07(1)(f), Florida Statutes (2022) ("If requested by the person seeking to inspect or copy the record, the custodian of public records shall state in writing and with particularity the reasons for the conclusion that the record is exempt or confidential."). The father also demanded the managing entity explain why its HIPAA concerns could not be resolved by redacting the investigation report's references to other persons.

One week later, the records custodian e-mailed the father that the managing entity would not provide the investigation report pursuant to section 766.101, Florida Statutes (2022). Section 766.101 pertinently provides:

> (5) The investigations, proceedings, and records of a [medical review] committee shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. ...
>
> ...
>
> [(7)](c) ... Proceedings of medical review committees are exempt from the provisions of s. 286.011 and s. 24(b), Art. I of the State Constitution, and any advisory reports provided to the department by such committees are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution, regardless of whether probable cause is found. The medical review committee advisory reports and any records created by the medical review committee are not subject to discovery or introduction into evidence in any disciplinary proceeding against a licensee. Further, no person who voluntarily serves on a medical review committee or who investigates a complaint for the committee may be permitted or required to testify in any such disciplinary proceeding as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. ...

§ 766.101(5), (7)(c), Fla. Stat. (2022).

The father disagreed that section 766.101 exempted the managing entity from providing the investigation report, and therefore filed his

mandamus petition directed to the managing entity, the CEO, and the records custodian. The petition pertinently alleged the following elements:

> [The father] has a clear legal right to have [the respondents] perform their duties by furnishing a copy of the written [investigation] report made pursuant to [the father's] complaint regarding [the son's] treatment while Baker Acted at [the mental health center]. No statutory exemption exists for such a record, which was made "in connection with the transaction of official business by any agency." [§] 119.011(12)[, Fla. Stat. (2022)].
>
> …
>
> [The managing entity] is a public ["]agency["] as defined in [section] 119.011(2), Florida Statutes (2022), and is subject to the provisions therein to produce public records as requested by the public. [The managing entity] is a private corporation which contracts with the State of Florida's Department of Children and Families (DCF) pursuant to [section] 394.9082 as a "behavioral health managing entity," and receives public funds via DCF to then locate, oversee, and fund sub-contract providers to perform … Baker Act [examinations.]
>
> …
>
> [The father] has satisfied all conditions precedent to bringing this extraordinary action of writ of mandamus. …
>
> No other adequate remedy exists at law to compel [the respondents] to perform their legal duty to provide a copy of the requested [investigation report].
>
> [The father] has alleged a prima facie case for the relief requested by demanding a copy of [the investigation report] to which [he] is legally entitled, and which [the respondents] have a legal duty to provide, and who have offered insufficient grounds for refusing to produce access or a copy of [the investigation report] to [the father]. … Therefore, [the father] is entitled to the relief of the alternative writ of mandamus requiring [the respondents] produce the [investigation report].

(paragraph numbers and letters omitted). Attached to the father's petition were copies of the e-mails between him and the respondents.

4

After the father filed his petition, the respondents' counsel filed a notice of appearance, but did not file a response to the petition.

The father filed a motion requesting a hearing on the petition. The respondents' counsel contacted the father – by phone followed by letter – to express counsel's belief that the father's motion was not "an appropriate Motion at this point." As stated in the respondents' counsel's letter:

> If the Court believes your petition needs to be responded to by the [respondents], the Court will issue an Order to Show Cause directing the [respondents] to file a response to your Complaint & Petition for Writ of Mandamus for Violations of the Public Records Act. At that point, [the respondents] will file a Response. Thereafter, if necessary, there may be a hearing scheduled.
>
> …
>
> As to your request for a "30 minute specially set hearing," I must respectfully decline. Until (if) the Court issues an Order to Show Cause, and we respond, there is no issue to discuss at a 30-minute hearing.

Two months passed with no action from the circuit court. As a result, the father filed an emergency motion requesting an immediate hearing on the petition.

### 2. *The Circuit Court's Non-Evidentiary Hearing*

Six days after the father filed his emergency motion, the circuit court issued an order scheduling a hearing to occur two days later on the father's emergency motion. The circuit court's scheduling order did not indicate the circuit court would be considering the petition's merits during the hearing, or that the hearing would be evidentiary.

At the hearing, the father appeared, as did the respondents' counsel. The circuit court asked the father to present his motion. After the father summarized the background and elements alleged in his petition, the circuit court asked the father: "[T]his [investigation] report … [W]hat are you hoping that it's going to show you?" The father pertinently responded:

> [S]ince I was [the son's] proxy, I should have been included in discussions about his release …. [My wife and I] didn't

5

> know about [his release] until he actually knocked on the door. And so there was a failure in keeping [me] informed as to what was going on with him while under their care. That's what I was hoping the [investigation] report would reveal.

Shortly thereafter, the circuit court asked the respondents' counsel if he wished to be heard. The respondents' counsel then provided his *unpled and unsworn factual explanation* and legal argument of why the managing entity had not provided the investigation report to the father:

> [Section] 766.101[(1)(a)1.g.[, Florida Statutes (2022),] … says [a "medical review committee" includes] ["]a committee of the Department of Children and Families which [includes] employees, agents, or consultants to the department … deemed necessary to provide peer review, utilization review and mortality review of treatment services provided.["] That's what [the managing entity] is.
>
> … But the legislature has decided [in sections 766.101(5) and (7)] that we cannot release [the investigation report].
>
> …
>
> If you were to find that [the investigation report is] not confidential, for some reason, or [the managing entity is] not a proper medical review committee, then … that to me is the … only avenue … if [you] said, this really doesn't meet the criteria.
>
> *I've read the [investigation] report. I happen to believe it meets the criteria.* …
>
> … [I]f the Court says that this [investigation report] does get released, then under HIPAA, [the managing entity] would have to redact … the other individuals [besides the son] who were mentioned [with] all their information. The portion of the [investigation] report that … pertains to [the father's] son, that's not redacted ….

(emphases added).

The circuit court then asked the respondents' counsel whether the respondents had filed a response to the petition, which prompted the following answer from the respondents' counsel:

6

My understanding, Your Honor, is unless and until you issue an Order to Show Cause, [the respondents are] not supposed to be really responding. [The father has filed] a Petition for Writ of Mandamus. The way I understand that is you issue [what] I've seen … called the Alternative Writ of Mandamus and I've seen it called an Order to Show Cause. But either way, the [respondents] then [have twenty] days to give a formal written response to the Order to Show Cause.

*[The response is] not going to say anything different than what we're talking about here today.* …

(emphases added).

The circuit court notified the parties that it would take the matter under advisement. The circuit court directed the father to provide a proposed order to show cause, and directed the respondents' counsel to provide a proposed final order denying the mandamus petition on the merits.

### 3. *The Circuit Court's Final Order Denying the Mandamus Petition*

The circuit court ultimately entered the respondents' proposed final order denying the mandamus petition on the merits. The final order began by acknowledging that the circuit court had heard only "argument of the [father] and counsel for the [respondents]." Then, despite the circuit court not having heard any evidence, but only the respondents' counsel's *unpled and unsworn factual explanation* and legal argument of why the managing entity had not provided the investigation report to the father, the final order included a section entitled "Findings of Fact," pertinently stating:

Pursuant to its statutory duties … *[the managing entity] convened a medical review committee*, as defined in Section 766.101(1)(a)1.g., Florida Statutes [(2022)], to conduct a comprehensive file review "to provide peer review, utilization review, and mortality review of treatment services provided …" … The medical review committee then issued [an investigation report]. *The [investigation report] included a file review of several [of the mental health center's] patients, including the [father's] son, who died by suicide after discharge from the [mental health center].*

*[The managing entity's] medical review committee conducted a utilization review as well as a review of whether*

*policies and procedures were being appropriately followed. [The medical review committee] also reviewed data to help identify patterns and trends related to patient care wherein support and guidance could be provided to [the mental health center].*

(emphases added; paragraph numbers omitted).

The circuit court's non-evidentiary "Findings of Fact" were then followed by the circuit court's "Conclusions of Law," pertinently stating:

> In accordance with Section 766.101(7)(c), Florida Statutes [(2022)], "Proceedings of medical review committees are exempt from the provisions of s. 286.011 [Sunshine Law] … and any advisory reports provided to the department by such committees are confidential and exempt from the provisions of s. 119.07(1) [Florida Public Records Act] …." *See* Section 766.101(7)(c), Fla. Stat. [(2022)].

> *As a medical review committee, the [managing entity's] Medical Review Committee [Investigation] Report is an advisory report of the committee* and, as such, is confidential and exempt from the provisions of Section 119.07(1), Florida Statutes, and may not be disclosed.

> …

> … [T]herefore, this Court has no discretion to release such document to the [father].

(emphases added; paragraph numbers omitted).

### 4. *The Father's Motion for Rehearing and to Vacate the Final Order*

The father filed a motion for rehearing and to vacate the final order. The father pertinently argued, among other grounds, that the circuit had improperly denied the father's mandamus petition on the merits, without evidence supporting the respondents' claim that the managing entity had acted as a medical review committee under section 766.101 when creating the investigation report. According to the father:

> [I]t was fundamental error and a violation of [the father's] due process rights to rule on the merits of [the father's] … Petition based on the [father's] Motion and Motion Hearing,

which was noticed only as a hearing to address [the father's] request for a hearing under the Public Records Act and whether [the father] had demonstrated a prima facie showing under Fla. R. Civ. Proc. 1.630(b).

The Motion Hearing was not noticed as an evidentiary hearing; it was not noticed as a hearing that would dispose of [the father's] case entirely …. [L]astly, the Hearing was not noticed as adversarial where [the father] would have to rebut [the respondents'] claim to a statutory exemption. …

Per the rules of procedure … [the respondents] could not assert their defense unless and until the Court issued the Show Cause Order requiring [the respondents] to respond to [the father's] … Petition, which was never issued in this case. Fla. R. Civ. Proc. 1.630(d). …

Implicitly, due to the fact that the Court adopted [the respondents'] affirmative defense [of] a public records exemption … the Court found that [the father] had demonstrated a prima facie case under [rule] 1.630(b) and the Public Records Act. Therefore … it was error to render a final judgment in this case without issuing the Show Cause Order and conducting an in-camera inspection of the contested document.

(paragraph numbers omitted).

The circuit court entered an order summarily denying the father's motion for rehearing and to vacate the final order.

## 5. *The Parties' Arguments on Appeal*

This appeal followed. The father summarizes his primary argument on appeal as follows:

The [circuit] court's Final Order is insufficient on its face and is not supported by evidence in the record nor the plain language of the law, constituting reversible error. The [circuit] court ruled in favor of [the respondents'] un-pled affirmative defense without issuing an alternative writ of mandamus as required under Florida Rule of Civil Procedure 1.630(d)(2), and was an abuse of discretion and legally erroneous. Ruling that the [investigation report] is confidential and exempt under a

statutory exemption to the [Public Records Act] without reviewing the record in-camera or holding a legitimate and duly noticed evidentiary hearing is fundamental error[.]

The respondents' answer brief, for the first time, argues the father's petition for writ of mandamus failed to establish a prima facie case for the issuance of an alternative writ:

To set forth a prima facie case for mandamus, the [petition] must initially establish that the [petitioner] has a clear legal right to the performance of an indisputable legal duty by a public officer and that the [petitioner] has no other legal remedies available to him. Under the Public Records Act and Chapter 766, Florida Statutes, the [father's petition] failed to establish [his] clear legal right to the [investigation report] or [the managing entity's] indisputable legal duty to provide the [investigation report]. Additionally, [the father has] failed to establish that the [circuit] court committed reversible error with respect to the conduct of the ... hearing. Accordingly, the [circuit] court's [final] order dismissing the petition for writ of mandamus and its subsequent order denying rehearing should be affirmed.

The father's reply brief summarily argues:

[The respondents] did not plead, and were not ordered to plead, ... and ... did not offer any evidence or factual basis for their entitlement to the [Public Records Act] exemption ....

[T]he [circuit] court's procedural missteps amount to reversible error.

### 6. *Our Review*

We review the circuit court's denial of the father's mandamus petition for an abuse of discretion. *See Harvard ex rel J.H. v. Vill. of Palm Springs*, 98 So. 3d 645, 646-47 (Fla. 4th DCA 2012) (an appellate court typically reviews a circuit court's denial of a mandamus petition for an abuse of discretion, unless such denial turns on statutory interpretation, which results in de novo review).

"Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." *Bd. of Cnty. Com'rs of*

*Broward County v. Parrish,* 154 So. 3d 412, 417 (Fla. 4th DCA 2014) (citation omitted). "Mandamus is an appropriate remedy to compel the timely production of public records requested under Chapter 119." *Williams v. State,* 163 So. 3d 618, 620 (Fla. 4th DCA 2015) (citation and internal quotation marks omitted). This is so "even where an exemption has been asserted." *Deeson Media, LLC v. City of Tampa,* 291 So. 3d 974, 975 (Fla. 2d DCA 2019).

"To be entitled to mandamus relief, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Parrish,* 154 So. 3d at 417 (citation and internal quotation marks omitted). Further, to set forth a cause of action under the state's Public Records Act codified in chapter 119, Florida Statutes (2022), a party must show "they made a specific request for public records, the [respondent] received it, the requested public records exist, and the [respondent] improperly refused to produce [the public records] in a timely manner." *O'Boyle v. Town of Gulf Stream,* 257 So. 3d 1036, 1040 (Fla. 4th DCA 2018) (citation omitted).

Here, the father's petition pled a prima facie claim for mandamus relief under the Public Records Act by alleging: the father had requested the managing entity to provide the investigation report; the managing entity acknowledged having received the request; the managing entity acknowledged it possessed the investigation report; the father had a clear legal right to the investigation report as a public record; the respondents had a legal duty to provide the investigation report as a public record without exemption; and the father had no other adequate remedy available to obtain the investigation report.

Because the father's petition had pled a prima facie claim for mandamus relief under the Public Records Act, the circuit court was required to issue an alternative writ in mandamus upon the respondents, who were then required to file a defensive motion or answer and affirmative defenses in which they could have pled their claimed exemption to producing the investigative report. *See* Fla. R. Civ. P. 1.630(d)(2) ("If the complaint shows a prima facie case for relief, the court *must issue* … an alternative writ in mandamus that may incorporate the complaint by reference only") (emphases added); Fla. R. Civ. P. 1.630(e) ("Defendant *must* respond to the writ as provided in rule 1.140[.]") (emphases added). *See also, e.g., Stern v. City of Miami Beach,* 359 So. 3d 1209, 1211 (Fla. 3d DCA 2023) ("If a [mandamus] petition is facially sufficient … Florida Rule of Civil Procedure 1.630(d)(2) *requires* the trial court to issue an alternative writ of mandamus. The rule inures to the benefit of the respondent, as

11

the purpose of the alternative writ is to allow the non-moving party to show cause as to why relief should not be granted.") (emphases added).

The respondents' counsel—at the non-evidentiary initial hearing on the father's petition—acknowledged that the proper procedure following the father's filing of a facially sufficient mandamus petition would have been for the circuit court to issue an alternative writ of mandamus followed by the respondents' response to that writ, pursuant to rules 1.630(d) and (e).

Nevertheless, the circuit court did not follow rules 1.630(d) and (e). Instead, the circuit court invited the respondents' counsel's _unpled and unsworn factual explanation_ and legal argument of why the managing entity had not provided the investigation report to the father, and further directed the respondents' counsel to provide a proposed final order denying the father's mandamus petition on the merits.

In that adopted final order, the circuit court's "Findings of Fact" were based on only the respondents' counsel's _unpled and unsworn factual explanation from the non-evidentiary initial hearing_ that the managing entity had acted as a medical review committee under section 766.101 when the managing entity had created the investigation report. In turn, that "Finding of Fact" became the basis for the circuit court's _factually-unsupported_ "Conclusion of Law" that the investigation "is confidential and exempt from the provisions of Section 119.07(1), Florida Statutes, and may not be disclosed."

Therefore, the circuit court's adoption of the respondents' proposed final order denying the mandamus petition on the merits under these circumstances was error. _See Hollis v. Massa_, 211 So. 3d 266, 269 (Fla. 4th DCA 2017) (reversing the circuit court's denial of a mandamus petition based upon defense counsel's unsworn allegation on a contested factual issue, which was insufficient to show no contested factual issue existed); _Consumer Rights, LLC v. Bradford County_, 153 So. 3d 394, 398 (Fla. 1st DCA 2014) (where a complaint properly stated an action for mandamus relief, and a factual dispute existed regarding at least one of the allegations, the circuit court erred in determining the disputed factual issue and dismissing the complaint); _Bostic v. State_, 875 So. 2d 785, 786 (Fla. 2d DCA 2004) ("[T]he trial court erred in failing to follow the proper procedure by proceeding directly to hear and rule on the merits of the [mandamus] petition."). Similarly, the circuit court erred in denying the father's motion for rehearing and to vacate the final order.

## *Conclusion*

Based on the foregoing, we reverse the circuit court's final order denying the father's mandamus petition on the merits. We direct the circuit court to vacate the final order and issue an alternative writ of mandamus directing the respondents to respond to the writ as provided in rule 1.140.

We do not reach the father's secondary argument that we also should direct the circuit court to hold an evidentiary hearing and/or conduct an in camera inspection of the investigation report. Those procedural steps do not become ripe until the circuit court has issued the alternative writ of mandamus, and the respondents' answer to the alternative writ raises a disputed factual issue. *See Williams*, 163 So. 3d at 620 ("If the petition and answer to the alternative writ raise disputed factual issues, the trial court must resolve these issues upon evidence submitted by the parties.") (citation omitted); *Holley v. Bradford Cnty. Sheriff's Dep't,* 171 So. 3d 805, 805 (Fla. 1st DCA 2015) ("The trial court could not conclude the records were exempt from disclosure … without conducting an in-camera inspection of the records and determining whether they could be redacted to remove information[.] … Accordingly, we reverse and remand with directions that the trial court conduct an evidentiary hearing, including an in-camera inspection of the records if necessary.").

We also do not reach the father's remaining arguments raised on appeal, which are rendered moot by our opinion.

*Reversed and remanded with directions.*

WARNER and KUNTZ, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

13