PER CURIAM.
Stewart Lilker filed suit to compel the Suwannee Valley Transit Authority and its records custodian (collectively “the Authority”) to provide public records he had requested a few months earlier. The Authority admitted that the records were subject to disclosure, and after an eviden-tiary hearing, the court ordered the Authority to provide them to Mr. Lilker within forty-eight hours. The court declined, however, to award Mr. Lilker his attorney’s fees and costs under section 119.12, Florida Statutes (2012), because it determined that the Authority’s failure to furnish the records before Mr. Lilker filed suit was not an unlawful and willful refusal to comply with chapter 119. In so ruling, the court imposed a “willfulness” requirement not found in the statute, see Lee v. Bd. of Trustees, 113 So.3d 1010, 1010 (Fla. 1st DCA 2013), and did not definitively state whether it otherwise found a violation of the law. The proper question before the court on Mr. Lilker’s request for attorney’s fees and costs under section 119.12 was whether the Authority unlawfully refused to produce records, not whether any such refusal was willful. See Lee, 113 So.3d at 1010.
Unlawful refusal under section 119.12 includes not only affirmative refusal to produce records, but also unjustified delay in producing them. Office of State Attorney for Thirteenth Judicial Circuit of Fla. v. Gonzalez, 953 So.2d 759, 760 (Fla. 2d DCA 2007). Where delay is at issue, as here, the court must determine whether the delay was justified under the facts of the particular case. See Johnson v. Jarvis, 74 So.3d 168, 170-71 (Fla. 1st DCA *656 2011). If not, the delay constitutes unlawful refusal. See id.; cf. Weeks v. Golden, 764 So.2d 633, 635 (Fla. 1st DCA 2000) (reversing a trial court’s determination that certain records were exempt and directing the court to determine on remand whether the agency had “any legally acceptable excuse for failing to respond to [the] appellant’s public records request until after he had filed his petition seeking to compel compliance”).
In its oral pronouncement, the trial court noted an “obvious and clear conflict” in the testimony and evidence regarding the reason for the Authority’s failure to produce the records before Mr. Lilker filed suit, but it did not resolve this conflict. Under one view of the evidence, the Authority’s inaction was justified by Mr. Lilker’s own representations and therefore not unlawful. Under another view, the delay was not legally justified. Because the trial court did not apply the proper legal standard, it failed to make sufficient findings to indicate to us whether the Authority’s failure to produce the records constituted an unlawful refusal. As a result, we reverse and remand for the trial court to weigh the pertinent evidence and apply the proper legal standard to its resulting findings.
REVERSED and REMANDED.
THOMAS, RAY, and SWANSON, JJ., concur.