DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SABIR ABDUL-HAQQ YASIR,**
Appellant,

v.

**HOWARD C. FORMAN,** Clerk of Courts,
Appellee.

No. 4D13-3336

[September 10, 2014]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 13000006WF10.

Sabir Abdul-Haqq Yasir, Lake City, pro se.

No appearance for appellee.

FORST, J.

The petitioner appeals the trial court's order denying his motion to tax costs. As neither the order nor the record explains the trial court's rationale in denying the motion, we reverse and remand.

**Background**

The petitioner – who is incarcerated – sent two public records requests to the Broward County Clerk's office, seeking copies of documents from the court file in his criminal case. The first request was dated September 3, 2012, and the second was dated October 1, 2012. Seemingly receiving no response from the Clerk's office, the petitioner sought a judicial means of compelling the requested documents. He filed a petition for writ of mandamus on December 26, 2012, which was granted by the trial court. With this mandate from the court, the Clerk's office finally complied with the petitioner's records requests. In doing so, the petitioner incurred costs for copies and mailing.

The petitioner then filed a motion to tax costs. The trial court summarily denied this motion. The petitioner now appeals the denial of his motion to tax costs.

**Trial Court failed to make sufficient findings
to support its summary denial of the motion.**

Mandamus is an appropriate means of compelling compliance with the Public Records Act. *Weeks v. Golden*, 764 So. 2d 633, 634 (Fla. 1st DCA 2000). A party is entitled to "the reasonable costs of enforcement" under section 119.12, Florida Statutes (2013), when "such agency unlawfully refused to permit a public record to be inspected or copied[.]" "Unlawful refusal under section 119.12 includes not only affirmative refusal to produce records, but also unjustified delay in producing them." *Lilker v. Suwanee Valley Transit Auth.*, 133 So. 3d 654, 655-56 (Fla. 1st DCA 2014); *see also Office of State Attorney for Thirteenth Judicial Circuit of Fla. v. Gonzalez*, 953 So. 2d 759, 760 (Fla. 2d DCA 2007); *Barfield v. Town of Eatonville,* 675 So. 2d 223, 224 (Fla. 5th DCA 1996); *Brunson v. Dade Cnty. Sch. Bd.,* 525 So. 2d 933 (Fla. 3d DCA 1988).

In this case, the petitioner sent two public records requests before having to resort to the courts in order to compel compliance with his requests. Nearly four months after the petitioner sent his first request, and with an order from the court, the Clerk's office finally surrendered the requested documents. The order denying the petitioner's motion to tax costs does not address this delay. Thus, we are unable to surmise whether the Clerk's refusal/delay was justified. If not, then the petitioner would be entitled to his costs pursuant to section 119.12. *Lilker,* 133 So. 3d at 655-56.

Although section 119.12 provides a basis for costs associated with *enforcing* compliance with the Public Records Act, some postage, envelope and copying costs can also be awarded to a party who is incarcerated so long as those costs are reasonable. *Weeks v. Golden*, 846 So. 2d 1247, 1249-50 (Fla. 1st DCA 2003). Accordingly, we reverse the order denying the petitioner's motion to tax costs and remand the case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

STEVENSON and CIKLIN, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*