PADOVANO, J.
The plaintiff, Consumer Rights, LLC, appeals a final judgment denying its claims for relief against the defendant, Union County, under the public records law. We conclude that the trial court did not err in denying the plaintiffs claim for attorney fees, because the county did not unlawfully refuse to disclose the public records at issue. Finding no error as to any of the other points raised on appeal, we affirm.
The public records request was made on October 30, 2013, from an email account bearing the address ask4records@gmail. com and it was sent to the county at UCBOCC@windstream.net, an email address posted on the county’s website and not associated with a particular county employee. The request was made on behalf of an unidentified “Florida company” and it was submitted by an unnamed agent of the company. Other than the email address, ask4records@gmail.com, the request did not contain any information as to how the county might contact the agent or the corporation. The complete text of the request is as follows:
To: The county of Union County, Florida
PUBLIC RECORDS REQUEST: I am making the following public records request on behalf of a Florida company: I don’t know what records you keep, or how you keep them, but I would like to get a complete list of all the work email addresses of all the employees that work for your county that have email addresses. If you already have such a list put together then that list is what I want. If you don’t already have such a list put together, I am not asking you to create the list per se. I am simply requesting that you produce to me all of the individual public records (email addresses) you have that, when put together, would make up a list of all the work email addresses of all the employees of your county that have work email addresses. I am describing the list I desire so you will know what group of individual public records (email addresses) I want. I don’t want duplicates. I want these records emailed to me at ask4records@ gmail.com electronically please. I don’t want any paper records of these email addresses. I want electronic copies of these records. If you feel that I am not entitled to these records for some reason, please email me and let me know every reason why you feel this way. If you take longer than the law allows you to produce these requested records, the utility of the records to the requestor (the Florida company I am writing on *884 behalf of) will have substantially diminished and the requestor will be damaged as a result of such delay. If you conclude that any portions of the records requested by this request are exempt or confidential, please state in writing and with particularity the reasons for your conclusion that those portions of the records requested are exempt or confidential. If you contend that any of the public records I have requested are exempt, confidential, or otherwise not subject to disclosure, please email me every reason why you feel that way in writing and with particularity. Thank You.
On March 4, 2014, four months after sending the email request, the plaintiff filed a lawsuit against the county. The complaint sought injunctive relief, a writ of mandamus and an award of attorney fees under section 119.12, Florida Statutes (2013). The county subsequently provided all of the records at issue, and the controversy between the parties was then effectively limited to the plaintiffs claims for injunctive relief and attorney fees.
The trial court held an evidentiary hearing on these claims and ruled in favor of the county. The court made a number of findings and conclusions in support of the judgment. One that is pertinent to our analysis here is a finding by the court that the county had not acted in bad faith by failing to provide the records sooner. On this point, the court reasoned that plaintiffs request was “intentionally designed to appear to be deceptive.” This finding was based on the testimony of a county official who explained that he did not respond to the records request immediately because it appeared to constitute “phishing,” a term that refers to a scam to dupe an email recipient into revealing personal or confidential information that can later be used illicitly. Ultimately, the trial court concluded that the delay in providing the records was not tantamount to an unlawful refusal and that the plaintiff was not therefore entitled to an award of attorney fees.
We begin our analysis by examining the applicable constitutional and statutory provisions. Article I, section 24(a) of the Florida Constitution provides in material part:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or person acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.
This constitutional provision is implemented by section 119.07(l)(a), Florida Statutes, which states,
Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian- of the public records.
Section 119.07(l)(a) does not specify the method by which a governmental entity must disclose public records, but it is clear from other parts of Chapter 119, and the applicable case law, that a person is entitled to make a request for public records by email and that the governmental entity may be required to provide the records in electronic form. See § 119.01(2)(a), Fla. Stat. (stating that automation of public records must not erode the right of access to those records); § 119.01(2)(f), Fla. Stat. (requiring the agency to provide electronic records in. the form in which they are regularly maintained); Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991) (noting that the agency must supply computerized records in the format in which they are kept).
*885 The public records law imposes a duty of good faith on public officers who are charged with the responsibility of complying with the law. On this point section 119.07(l)(c) states, “A custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith.” This duty, unlike the strict legal duties imposed by the law, is subjective. Whether a governmental entity acted in “good faith” in the manner in which it responded to a request for disclosure of public records is necessarily a question for the court to decide based on the circumstances of a case.
In this case we are not presented with a claim of exemption or an outright refusal to provide public records. Rather, the issue we must decide is whether the county’s belated compliance with the plaintiff’s request is the functional equivalent of an unlawful refusal. The records have been provided at this point, so our decision on this issue will determine only the entitlement to attorney fees. Section 119.12 addresses the issue of fees as follows.
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of the enforcement including reasonable attorney fees.
By its terms, this section places several conditions on the right to an award of fees. The court must determine that the agency has “refused” to provide the records and the refusal must be “unlawful.”
We acknowledge that in some circumstances a delay in disclosing records can rise to the level of a refusal. For example, a trial court may properly award attorney fees under section 119.12 if there was no good reason for the delay. See Promenade D’Iberville, LLC v. Sundy, 145 So.3d 980 (Fla. 1st DCA 2014); Barfield v. Town of Eatonville, 675 So.2d 223 (Fla. 5th DCA 1996); Weeks v. Golden, 764 So.2d 633 (Fla. 1st DCA 2000). Likewise, it would be proper to award fees if the records were not provided until after the need for them had passed. See Grapski v. City of Alachua, 31 So.3d 193 (Fla. 1st DCA 2010).
However, it is equally clear that a delay does not in and of itself create liability under section 119.12. As the court stated in Office of the State Attorney for the Thirteenth Judicial Circuit v. Gonzalez, 953 So.2d 759 (Fla. 2d DCA 2007), an award of fees under the statute is proper only if the delay is “unjustifiable” and thus amounts to an “unlawful refusal” to provide the records. “If delay were the sole consideration,” the court reasoned, a party could file what appears to be a facially sufficient request, “rest on its laurels, let the required period of time pass, and then file suit to obtain the records and a fee award.” Id. at 765. The scenario the court envisioned in Gonzalez is precisely the one that unfolded here. The plaintiff made the request in a suspicious email that could not be easily verified, directed it to a general email account that might not be checked by the person having anything to do with the records at issue, waited four months without saying anything and then sued the county, claiming a right to attorney fees.
That a delay does not automatically amount to an unlawful refusal is further supported by our decision in Consumer Rights, LLC v. Bradford County, 153 So.3d 394 (Fla. 1st DCA 2014). The request in that case was filed by the same plaintiff under similar circumstances. We reversed the dismissal of a petition for *886 writ of mandamus for a hearing to determine whether the county’s delay in providing the records two weeks after suit was filed was “unreasonable or excused under Chapter 119.” Id. at 397. Implicit in this decision is a recognition that there could be a circumstance in which a delay, even a delay until after the suit is filed, would not be the equivalent of a refusal.
The procedural posture of this case -differs from that in Bradford County, in that the judge in this case has already held a hearing to consider the facts and circumstances bearing on the nature of the delay. The record of the hearing amply supports the trial court’s conclusion that the county was justified in declining to immediately respond to the plaintiffs request. The request was made by an unnamed agent for an undisclosed company and it was sent to the county from an email address that did not appear to be the address of a person. This would lead anyone familiar with the perils of email communication to exercise caution, if not to disregard the communication entirely.
The email from the sender could have contained a virus. It might have been a computer-generated message sent out from a computer-created email account. The sender might have intended to initiate a series of electronic communications that would have caused the disclosure of exempt materials or created difficulties for the county’s information technology officers.
During the oral argument, counsel for the plaintiff was asked if his position would be the same if his email had been diverted from view by a spam filter and he said that it would. This possibility helps to illustrate the special problems presented here. A suspicious email like the one in this case might not reach the intended recipient and even if it did, ■ it might be regarded as computer junk mail. The plaintiff was not required to identify himself in the request or to reveal his reason for requesting the records. But the delay in this case could have been avoided altogether if the plaintiff had just given the county a phone number or some other contact information that could be associated with a person. In that event, the county could have simply contacted the plaintiff to verify that the email was authentic.
The plaintiff counters this suggestion by pointing out that the county could have written to him at ask4records@gmail.com, but that argument plainly reads too much into the obligations created by the public records law. The right created by Article I, section 24 and section 119.07 is a right that can only be exercised by a “person.” That much is clear from the text of the constitution and the statute. We know of no law that requires a governmental entity to provide public records to a generic email address, at least not until such time as it is made clear that the address belongs to a person. If a generic email address were treated as the equivalent of a “person” within the meaning of the constitution and the statute, an unscrupulous computer hacker could bring the work of a government agency to a halt by randomly generating a multiplicity of requests, all of which would require a response, and in the process expose the agency to multiple attorney fee awards for no good reason.
The county provided the records to the plaintiff soon after it learned that the request had been made by person on behalf of a Florida corporation that did, in fact, exist. We have no reason to believe that the county would not have provided the records much sooner had it been able to verify the authenticity of the plaintiffs email and thus we have no reason to question to trial court’s conclusion that the county acted in good faith. Under these circumstances, we conclude that the delay *887 in responding to the email was not tantamount to a refusal and that the trial court correctly denied the plaintiffs request for attorney fees.
Affirmed.
WETHERELL, J., CONCURS; BILBREY, J., concurs with opinion.