PER CURIAM.
We reverse the trial court’s order summarily denying appellant’s motion for relief from judgment and remand for further proceedings. In Yasir v. Forman, 149 So.3d 107 (Fla. 4th DCA 2014), this Court reversed the denial of appellant’s motion to tax costs in his mandamus proceeding, which had sought to compel the circuit court clerk to comply with his public records request. We explained that, if the clerk’s refusal or delay in responding to the request was unjustified, then appellant would be entitled to costs. Id. at 108. We further explained that, as an incarcerated litigant, appellant could be awarded reasonable postage, envelope, and copying costs under section 119.12, Florida Statutes. Id. (citing Weeks v. Golden, 846 So.2d 1247, 1249-50 (Fla. 1st DCA 2003)).
On remand, appellant filed a motion to tax costs on appeal. This motion was filed on October 30, 2014. Appellant attached to his motion an itemization for all photocopying and postage costs he allegedly incurred litigating the appeal, a grand total of $60.30. On November 5, 2014, the trial court did not address appellant’s motion, and instead entered an order that required appellant to file within sixty days a detailed itemization of all costs he was seeking.
Appellant filed motions requesting a telephonic hearing which were denied. He then filed a motion asking the court to rule on his motion to tax costs on appeal. The trial court entered an order on February 11, 2015, denying the motion to tax costs on appeal explaining that appellant had not complied with the court’s order requiring an itemization of all costs he was seeking.
Appellant timely filed a motion to vacate and a supporting affidavit explain *1039 ing that, because he was in transit within the Department of Corrections, he did not receive the November 5, 2014 order requiring him to file a detailed itemization until the time to comply had expired. The trial court summarily denied the motion to vacate without explanation.
We agree with appellant that the trial court erred in summarily denying the motion and that, at a minimum, an eviden-tiary hearing was required to determine whether appellant received the order and whether he had an opportunity to timely supply the detailed itemization that was required by the court. “A motion for relief from judgment should- not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege ‘colorable entitlement’ to relief.” Schleger v. Stebelsky, 957 So.2d 71, 73 (Fla. 4th DCA 2007) (quoting Smith v. Smith, 903 So.2d 1044, 1045 (Fla. 5th DCA 2005)). Appellant’s motion established a colorable entitlement to relief in that he may have been deprived of an opportunity to comply with the court’s order due to circumstances beyond his control.
Accordingly, we reverse the trial court’s order and remand for further proceedings consistent with this opinion.[1]

Reversed and remanded for further proceedings.

CIKLIN, C.J., LEVINE and FORST, JJ., concur.

. We note that the trial court’s order denied only the motion to tax costs on appeal and was silent as to the original motion to tax costs that had been remanded following the appeal to this Court. The trial court’s reasoning for denying the motion to tax costs on appeal appears erroneous as appellant had in fact filed an itemization of his costs for the appeal. The trial court may have intended to deny the motion for costs related to the initial mandamus proceedings. In either event, the trial court’s summary denial of the motion to vacate without explanation was error in these circumstances.