DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL E. JACKSON,**
Appellant,

v.

**CITY OF SOUTH BAY, FLORIDA, SOUTH BAY CANVASSING BOARD, PALM BEACH COUNTY CANVASSING BOARD, WENDY SARTORY LINK, IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS, PALM BEACH COUNTY, FLORIDA,** and **ESTHER E. BERRY,**
Appellees.

No. 4D21-3503

[February 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 50-2020-CA-004756-XXXX-MB.

Jennifer A. Winegardner of Rayboun Winegardner PLLC, Tallahassee, and Leonard M. Collins of GrayRobinson, P.A., Tallahassee, for appellant.

David K. Markarian, Jessica R. Glickman, and Juanita Solis of The Markarian Group, Palm Beach Gardens, for appellees Wendy Sartory Link, in her official capacity as Supervisor of Elections, Palm Beach County, Florida, Palm Beach County Canvassing Board, and South Bay Canvassing Board.

Pamela C. Marsh and Virginia M. Hamrick for First Amendment Foundation, Tallahassee, Amicus Curiae on behalf of appellant.

LEVINE, J.

Michael Jackson appeals a final judgment finding that the Palm Beach County Canvassing Board and the Palm Beach County Supervisor of Elections ("appellees") did not violate Florida's Sunshine Law or Public Records Act and therefore Jackson was not entitled to attorney's fees. As to the Public Records Act, we affirm on all issues. However, we find the delay in the production of the March 13 meeting minutes was a violation of the Sunshine Law. As to this issue, we reverse.

Jackson ran for South Bay City Commissioner in the March 17, 2020 municipal election and lost by one vote. On April 24, 2020, Jackson issued a public records request, requesting copies of the canvassing board meeting minutes pertaining to the March 17 election. Jackson then filed a complaint contesting the election results. Jackson later amended his complaint to allege violations of Florida's Sunshine Law and Florida's Public Records Act and sought attorney's fees under both statutes.

All of the meeting minutes, except for the March 13, 2020 minutes, were produced before a deadline suggested by Jackson's counsel. At the time of Jackson's records request, appellees did not realize a canvassing board meeting had occurred on March 13. Appellees' calendars did not contain an entry for that date. Upon receiving notes indicating a canvassing board meeting had occurred on March 13, appellees tried to access data from the laptop of the person responsible for taking the minutes, but the laptop was broken. The minutes were then retrieved from the minute-taker's email and immediately produced upon discovery to Jackson on September 18, 2020.

The trial court found Jackson's election contest untimely. That finding is not challenged on appeal. The trial court also found no violation of the Sunshine Law or Public Records Act and therefore no entitlement to attorney's fees.

Specifically, the trial court found that Jackson's public records request occurred during a "busy election" in the "throes of a pandemic" with stay-at home orders in effect and that appellees acted in good faith in assembling and producing the records. The trial court concluded no violation of the Sunshine Law occurred because there was "no evidence—particularly under the extraordinary circumstances of the day—from which the Court can conclude, using 'common sense or principles of logic' that the meeting minutes were neither 'promptly recorded' nor 'open to public inspection.'" The trial court also concluded no Public Records Act violation occurred because appellees did not "unlawfully refuse[]" a public records request. The trial court found that appellees produced all of the meeting minutes, except for the March 13 minutes, before "an agreed production date." Finally, the trial court found that appellees were "unaware" of the March 13 minutes and that those minutes were promptly produced upon discovery in September 2020.

**A. Public Records Act**

On appeal, Jackson argues that appellees' unreasonable delay in the production of meeting minutes violated the Public Records Act.

A trial court's factual findings involving an alleged Public Records Act violation are reviewed for competent substantial evidence, while its interpretation of the law is reviewed de novo. *Nat'l Council on Comp. Ins. v. Fee*, 219 So. 3d 172, 177 (Fla. 1st DCA 2017); *see also Sarasota Citizens for Responsible Gov't v. City of Sarasota*, 48 So. 3d 755, 761 (Fla. 2010). "Whether a governmental entity acted in 'good faith' in the manner in which it responded to a request for disclosure of public records is necessarily a question for the court to decide based on the circumstances of a case." *Consumer Rights, LLC v. Union Cnty., Fla.*, 159 So. 3d 882, 885 (Fla. 1st DCA 2015). "Where delay is at issue . . . the court must determine whether the delay was justified under the facts of the particular case." *Citizens Awareness Found., Inc. v. Wantman Grp., Inc.*, 195 So. 3d 396, 399 (Fla. 4th DCA 2016) (citation omitted).

Florida's Constitution provides: "Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf . . . ." Art. I, § 24(a), Fla. Const. The Public Records Act also guarantees a right of access to public records. § 119.01(1), Fla. Stat. (2021). Pursuant to the act, a records custodian must respond to public records requests "in good faith." § 119.07(1)(c), Fla. Stat. (2021). The court shall award attorney's fees where an "agency unlawfully refused to permit a public record to be inspected . . . ." § 119.12(1)(a), Fla. Stat. (2021). "Unlawful refusal under section 119.12 includes not only affirmative refusal to produce records, but also unjustified delay in producing them." *Citizens Awareness Found.*, 195 So. 3d at 399 (citation omitted).

The trial court did not err in finding no violation of the Public Records Act. The trial court made a factual determination, after an evidentiary hearing, that appellees produced all of the meeting minutes at issue, except for the March 13 minutes, one day before "an agreed production date" of June 4. This factual finding is entitled to deference because it is supported by competent substantial evidence in the record. *Fee*, 219 So. 3d at 177. Because appellees produced those minutes before an agreed upon deadline, Jackson cannot now complain that he should have received those minutes earlier. Additionally, the discovery of the March 13 minutes, and their prompt production upon discovery, was the result of a "good faith response." "A good faith response includes making reasonable efforts to determine from other officers or employees within the agency whether such a record exists and, if so, the location at which the record can be accessed." § 119.07(1)(c), Fla. Stat. The delay in production of the March 13 minutes did not amount to an "unlawful refusal"; rather

the delay was justified under the circumstances of this particular case. *See* § 119.12(1)(a), Fla. Stat. (providing for attorney's fees where an "agency unlawfully refused to permit a public record to be inspected"); *Consumer Rights*, 159 So. 3d at 885 (finding that a four-month delay in providing records was not "the functional equivalent of an unlawful refusal" because the delay was caused by concerns regarding the authenticity of the requestor's email).[1]

### B. Sunshine Law

Jackson also argues that appellees violated the Sunshine Law by failing to promptly record and make available for public inspection meeting minutes from March 13.

A trial court's factual findings involving an alleged Sunshine Law violation are reviewed for competent substantial evidence, while its interpretation of the law is reviewed de novo. *Fee*, 219 So. 3d at 177; *see also Sarasota Citizens for Responsible Gov't*, 48 So. 3d at 761.

Section 286.011(2), Florida Statutes (2021), states: "The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded, and such records shall be open to public inspection." Additionally, "the court shall assess a reasonable attorney's fee" where an action is filed "to enforce the provisions of this section . . . and the court determines that the defendant or defendants to such action acted in violation of this section . . . ." § 286.011(4), Fla. Stat. (2021).

In interpreting a statute, the starting point of analysis is the actual statutory language. *United Auto. Ins. Co. v. Chironex Enters., Inc.*, 352 So. 3d 341, 344 (Fla. 4th DCA 2022) (citation omitted). When a statute is unambiguous, a court need not resort to other rules of statutory construction. *Id.*

---

[1] Jackson also claims a Public Records Act violation due to the destruction of handwritten meeting notes. This issue is not preserved because it was not addressed in the final judgment and Jackson did not move for rehearing challenging the trial court's lack of findings concerning the handwritten notes. *See* Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the sufficiency of a trial court's findings in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); *In re Amends. to Fla. R. Civ. P. 1.530*, 346 So. 3d 1161, 1162 (Fla. 2022) (recognizing that the amendment to rule 1.530 clarified existing law).

"Few, if any, governmental boards or agencies deliberately attempt to circumvent the government in the sunshine law." *Town of Palm Beach v. Gradison*, 296 So. 2d 473, 476 (Fla. 1974). "Mere showing that the government in the sunshine law has been violated constitutes an irreparable public injury . . . ." *Id.* at 477. "The statute should be construed so as to frustrate all evasive devices." *Id.*

The trial court erred in finding no Sunshine Law violation as to the March 13 meeting minutes. Under section 286.011, meeting minutes "shall be promptly recorded" and "shall be open to public inspection." The March 13 meeting minutes clearly were not open to public inspection where appellees were "unaware" of their existence, as stated by the trial court. Jackson requested the minutes on April 24, but they were not produced until September 18, nearly five months later.

The trial court cited the "busy election," the pandemic, and appellees' good faith conduct as justification for the delay in the production of the March 13 minutes. However, none of these factors excuse compliance with section 286.011. The use of the word "shall" in section 286.011 requires mandatory compliance. *See DeGregorio v. Balkwill*, 853 So. 2d 371, 374 (Fla. 2003). Additionally, section 286.011, unlike the Public Records Act, does not have a good faith exception. *See* § 119.07(1)(c), Fla. Stat. (stating that public records custodian must respond "in good faith" to requests to inspect or copy records). Further, there is no pandemic related exception to the constitution. *See E.A.C. v. State*, 324 So. 3d 499, 509 (Fla. 4th DCA 2021) (Levine, C.J., concurring). Indeed, Executive Order 20-69, which was issued on March 20, 2020 in response to the pandemic, expressly recognized that the Sunshine Law remained in effect: "This Executive Order does not waive any other requirement under the Florida Constitution and 'Florida's Government in the Sunshine Laws,' including Chapter 286, Florida Statutes." [2]

Because the trial court erred in finding no violation of the Sunshine Law with respect to the March 13 meeting minutes, we reverse as to this issue. We remand for the trial court to determine a reasonable amount of attorney's fees and costs for the Sunshine Law violation related only to the March 13 meeting minutes. *See Fla. Patient's Comp. Fund v. Rowe*, 472

---

[2] Jackson also claims a Sunshine Law violation for the failure to produce minutes from an April 1, 2020 meeting. That issue is not preserved because it was not addressed in the final judgment and Jackson did not move for rehearing challenging the lack of findings concerning the April 1 audit. *See* Fla. R. Civ. P. 1.530(a); *In re Amends. to Fla. R. Civ. P. 1.530*, 346 So. 3d at 1162.

So. 2d 1145, 1151 (Fla. 1985) (recognizing that attorney's fees are awardable only on successful claims). We affirm as to all of the other remaining issues.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**