DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ROLDAN,**
Appellant,

v.

**CITY OF HALLANDALE BEACH,**
Appellee.

No. 4D22-103

[April 5, 2023]

Appeal from the Circuit Court of the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE19-021252.

Faudlin Pierre of Pierre Simon, LLC, Fort Lauderdale, for appellant.

Jennifer Merino, City Attorney, City of Hallandale Beach, for appellee.

Andrea Flynn Mogensen of Law Office of Andrea Flynn Mogensen, P.A., Sarasota, for Amicus Curiae The Florida Center for Government Accountability, in support of appellant.

Ashley H. Lukis, GrayRobinson, P.A., Tallahassee, for Amicus Curiae Florida League of Cities, Inc., in support of appellee.

FORST, J.

Appellant Michael Roldan appeals from the trial court's final judgment wherein the trial court failed to award him attorney's fees in his public record enforcement action against Appellee City of Hallandale Beach ("the City"). On appeal, Roldan argues the trial court: (1) erred in finding Roldan's written public record request to the City's records custodian, standing alone, was not sufficient to serve as the "written notice identifying the public record request" required for entitlement to attorney's fees under section 119.12(1)(b), Florida Statutes (2019); and (2) erred in entering final judgment in the City's favor on Roldan's enforcement action, despite the City's concession that it unjustifiably delayed in producing the requested public records.

On the first argument, we affirm the trial court's finding that section 119.12(1)(b) requires a complainant to provide a separate "written notice identifying the public record request" before the plaintiff may recover attorney's

fees in an enforcement action. However, to the extent the City conceded that it unjustifiably delayed in producing the requested public records, which required Roldan to file his enforcement action, we agree with Roldan that the final judgment should indicate the City's violation of the Public Records Act and that final judgment therefore should be entered in Roldan's favor. Thus, we vacate the final judgment and remand for entry of a new final judgment which includes these modifications.

## Background

In May 2019, Roldan requested public records from the City of Hallandale Beach related to a law enforcement matter. Roldan emailed this request to the City's Police Department and the City Clerk, who serves as the City's records custodian. After five months without response, Roldan filed suit to enforce his request. Only then did the City produce the requested public records.

Even though the City had produced the requested public records, Roldan nevertheless pursued his enforcement action by filing a summary judgment motion arguing the City's unjustified delay in producing the requested public records violated the Public Records Act. Roldan also argued he was entitled to recover his attorney's fees under section 119.12(1), Florida Statutes (2019). Section 119.12(1)—titled "Attorney fees"—provides in pertinent part:

> (1) If a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines that:
>
> (a) The agency unlawfully refused to permit a public record to be inspected or copied; and
>
> (b) The complainant provided written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action, except as provided under subsection (2). The notice period begins on the day the written notice of the request is received by the custodian of public records, excluding Saturday, Sunday, and legal holidays, and runs until 5 business days have elapsed.

§ 119.12(1), Fla. Stat. (2019).

The City conceded that its unjustified delay in producing the requested public records was unlawful, but argued that Roldan was not entitled to recover his attorney's fees under section 119.12(1). Specifically, the City argued that Roldan had failed to provide the City with a separate "written notice identifying the

public record request" at least five days before filing suit, as section 119.12(1)(b) requires.

The trial court entered an order granting Roldan's summary judgment motion, but only to the extent of finding that the City's unjustified delay in producing the requested public records violated the Public Records Act. Specifically, the trial court found the City's failure to produce the requested public records until after the plaintiff had filed the lawsuit "constitute[d] an unlawful refusal to permit a public record to be inspected or copied." The trial court's order did not comment on Roldan's request for entitlement to recover his attorney's fees under section 119.12(1).

Roldan then filed a motion for final judgment requesting entitlement to recover his attorney's fees under section 119.12(1). Subsequently, the City filed its own summary judgment motion, arguing Roldan was not entitled to recover his attorney's fees under section 119.12(1).

At the hearing on the competing motions, the parties agreed that whether Roldan was entitled to recover his attorney's fees under section 119.12(1) hinged on a question of statutory interpretation, namely whether Roldan's sole communication with the City—his emailed public record request itself—satisfied section 119.12(1)(b)'s requirement that he provide "written notice identifying the public record request."

Roldan argued that his emailed public record request satisfied this notice requirement. The City contended that section 119.12(1)(b) requires a later written notice that identifies a prior unsatisfied public record request. Thus, the City argued, Roldan's sole communication—his emailed public record request itself—was insufficient.

The trial court agreed with the City, holding that Roldan's email could not serve as both the public record request and the required "written notice identifying the public record request." Specifically, the trial court found:

> [A] plain reading of [section 119.12(1)(b)] requires [Roldan] to establish that a written notice identifying the public record request was sent to the City. The Court further finds that [Roldan's] May 21, 2019[,] communication constitutes the public record request and is not the required ["]written notice identifying the public record request["] at least five days prior to filing of the suit.

> This reading of the statute is further required when one considers subsection (2) which states, "[t]he complainant is not required to provide written notice of the public record request to the agency's custodian of public records as provided in paragraph (1)(b) if...." Since a request must be made in order for a plaintiff to have a cause

3

of action in a civil complaint, there is no logical reading of [subsection] (2) that would permit [subsection] (1)(b) to be read as meaning that the written notice referenced is merely the public records request itself.

The Court then entered an order denying Roldan's motion for final judgment, granting the City's motion for summary judgment, and entering final judgment for the City. This appeal timely followed.

## Analysis

This dispute requires us to determine whether a written public record request—without a separate later notice—satisfies section 119.12(1)(b)'s requirement to "provide[] written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action" in order to recover attorney's fees under section 119.12(1). "Because the question presented solely involves interpretation of a statute, it is subject to de novo review." *Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc.*, 3 So. 3d 1220, 1232 (Fla. 2009).

No court has interpreted section 119.12(1)(b). "In interpreting the statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "[J]udges must 'exhaust "all the textual and structural clues"' that bear on the meaning of a disputed text." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (quoting *Alachua County v. Watson*, 333 So. 3d 162, 169 (Fla. 2022)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

The purpose of the Public Records Act's attorney's fees provisions "is to encourage voluntary compliance with Florida's public records law, which gives effect to the state's policy 'that all state, county, and municipal records shall be open for personal inspection by any person.'" *Office of State Att'y for the Thirteenth Jud. Cir. v. Gonzalez*, 953 So. 2d 759, 763 (Fla. 2d DCA 2007) (quoting § 119.01(1), Fla. Stat. (2002)).

Before 2017, plaintiffs seeking to enforce the Public Records Act could recover their reasonable attorney's fees and costs merely upon a court finding that an agency defendant had unlawfully withheld public records. *See* § 119.12, Fla. Stat. (2016).

4

In 2017, the legislature amended section 119.12 to add a second criterion—the plaintiff must have provided written notice identifying the public record request to the agency's custodian of public records at least five business days before filing the civil action, except under limited circumstances. *See* Ch. 2017-21, Laws of Fla. As presented above, the amended section 119.12(1) provides:

> (1) If a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines that:
>
> (a) The agency unlawfully refused to permit a public record to be inspected or copied; and
>
> (b) The complainant provided written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action, except as provided under subsection (2). The notice period begins on the day the written notice of the request is received by the custodian of public records, excluding Saturday, Sunday, and legal holidays, and runs until 5 business days have elapsed.

§ 119.12(1), Fla. Stat. (2019).

Both parties agree that section 119.12(2)'s exception is not applicable in this case. They also agree that "[t]he agency unlawfully refused to permit a public record to be inspected or copied," with the refusal extending from the receipt of the plaintiff's emailed public record request to a date after the filing of the suit, a period of about five months. The parties' dispute is focused on the meaning to be given to the phrase "written notice identifying the public record request."

The City argues that section 119.12(1)(b)'s reference to the "written notice identifying the public record request"—which commences the five-day "notice period"—is separate from section 119.12(1)(b)'s reference to the "public record request" itself.

Roldan urges a different interpretation. Roldan contends that any written communication containing a public record request and submitted to an agency's records custodian—such as his emailed public record request here—is sufficient to serve as both the public record request and as section 119.12(1)(b)'s required "written notice identifying the public record request," as long as the written public record request was provided to the agency's public records custodian at least five business days before filing the civil action.

We do not adopt Roldan's interpretation. "[T]he meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used."

5

*Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 324 (Fla. 2022) (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993), *superseded by statute as recognized in United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019)). "'Context is a primary determinant of meaning.' Under the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *Id.* (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)).

Accordingly, we consider the relationship between section 119.12(1)(a) and section 119.12(1)(b). There is an "and" between the two subsections. Thus, entitlement to fees requires meeting criteria (a) *and* (b). The first criterion, found in section 119.12(1)(a), requires a finding that the agency "unlawfully refused to permit a public record to be inspected or copied." § 119.12(1)(a), Fla. Stat. (2019). "Unlawful refusal under section 119.12 includes not only affirmative refusal to produce records, but also unjustified delay in producing them." *Jackson v. City of S. Bay*, 4D21-3503, 2023 WL 2027556, at *2 (Fla. 4th DCA Feb. 15, 2023) (quoting *Citizens Awareness Found., Inc. v. Wantman Grp., Inc.*, 195 So. 3d 396, 399 (Fla. 4th DCA 2016)). "'Where delay is at issue . . . the court must determine whether the delay was justified under the facts of the particular case.' It is only an '[u]njustified delay in making nonexempt public records available [that] violates Florida's public records law.'" *Citizens Awareness*, 195 So. 3d at 399 (second and third alteration in original) (first quoting *Lilker v. Suwannee Valley Transit Auth.*, 133 So. 3d 654, 655–56 (Fla. 1st DCA 2014); and then quoting *Promenade D'Iberville, LLC v. Sundy*, 145 So. 3d 980, 983 (Fla. 1st DCA 2014)).

Because no refusal or delay can occur before a request is made, it follows that the request must occur *before* the second criterion is met—the complainant providing "written notice identifying the public record request to the agency's custodian of public records," thus commencing a five-day "notice period," as explained in section 119.12(1)(b). Otherwise, the notice could not alert the records custodian of noncompliance with the earlier public record request.

Roldan would have us read section 119.12(1)(b)'s references to a written notice and five-business days deadline be permitted as *simultaneous* with any request, and *before* any refusal or delay—unlawful or otherwise—in producing the requested public records. That approach is both illogical and renders the notice ineffective in "encourag[ing] voluntary compliance with Florida's public records law" consistent with section 119.12's purpose. *See Gonzalez,* 953 So. 2d at 763. That approach also impermissibly converts section 119.12(1)(b)'s text from "[t]he complainant provided written notice identifying the public record *request*" (emphasis added) to "[t]he complainant provided written notice identifying the public record *request[ed].*" *See Fla. Dep't of Revenue v. Fla. Mun. Power Agency,* 789 So. 2d 320, 324 (Fla. 2001) ("A court's function is to interpret statutes as they are written . . . ."); *Porsche Cars N. Am., Inc. v. Copans Motors*

*Inc.*, 343 So. 3d 576, 583 (Fla. 4th DCA 2022) ("The judiciary . . . is without power to rewrite a plainly written statute . . . ." (first and second alterations in original) (quoting *Westphal v. City of St. Petersburg*, 194 So. 3d 311, 313–314 (Fla. 2016))).

Further, applying Roldan's interpretation would appear to transform the five-day notice period under section 119.12(1)(b) into a five-day deadline for agency compliance with all public record requests. Indeed, if section 119.12(1)(b)'s written notice is the only required contact with the agency, then the failure to provide the requested public records within five business days is always "unlawful." This would contradict well-established case law holding that government agencies must be afforded a reasonable period to comply with a given request. *See, e.g.*, *Consumer Rts., LLC v. Bradford County*, 153 So. 3d 394, 397 (Fla. 1st DCA 2014).

The City's construction of section 119.12(1)(b), however, harmonizes the notice requirement with the exception provided in section 119.12(2):

> (2) The complainant is not required to provide *written notice of the public record request* to the agency's custodian of public records as provided in paragraph (1)(b) if the agency does not prominently post the contact information for the agency's custodian of public records in the agency's primary administrative building in which public records are routinely created, sent, received, maintained, and requested and on the agency's website, if the agency has a website.

§ 119.12(2), Fla. Stat. (2019) (emphasis added).

Section 119.12(2) also refers to the additional requirement of "written notice of the request" if the agency has properly posted its records custodian's contact information. Thus, under both section 119.12(1) and section 119.12(2), a public record request must have been served before an unlawful refusal to produce the requested public records can occur.

For these reasons, we reject Roldan's interpretation of section 119.12(1)(b) and affirm the trial court's denial of Roldan's request for attorney's fees. However, as the City concedes that it unjustifiably delayed in producing the requested public records, the trial court must modify the final judgment to indicate the City violated the Public Records Act, and that final judgment is entered in Roldan's favor on his enforcement action.

## Conclusion

Under the "ordinary meaning" canon of construction, "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates

that they bear a technical sense." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012). Roldan's emailed public record request was his sole communication to the City's records custodian before filing suit. For purposes of determining eligibility for an award of attorney's fees, that public record request did not, by itself, satisfy section 119.12(1)(b)'s requirement that the complainant provide "written notice identifying the public record request," triggering the five-day notice period before a civil enforcement action could be filed.

Therefore, although Roldan was entitled to final judgment in his favor on his enforcement action, he was not entitled to recover his attorney's fees under section 119.12(1). Accordingly, we vacate the trial court's final judgment and remand for entry of a new final judgment which indicates: (1) the City violated the Public Records Act by its unjustified delay in producing the requested public records; (2) final judgment is entered in Roldan's favor on his enforcement action; but (3) Roldan is not entitled to recover his attorney's fees under section 119.12(1).

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN, J., concurs.
GERBER, J., concurs specially with opinion.

GERBER, J., concurring specially.

I concur in the majority opinion's conclusion that section 119.12(1)(b), Florida Statutes (2019), requires a public records requestor to provide a *later* written notice—identifying a *prior* public records request—to the responsible agency's public records custodian at least five business days before filing a civil action in order for the requestor to recover reasonable attorney fees against the responsible agency which unlawfully refused to permit a public record to be inspected or copied. As the majority opinion points out, that conclusion can be reached only by reading section 119.12(1)(b)'s two sentences together, whereby section 119.12(1)(b)'s second sentence provides the necessary context to interpret section 119.12(1)(b)'s first sentence.

I write separately to note that—contrary to the City's and its amicus's position here—section 119.12(1)(b)'s first sentence, when viewed in isolation, does not necessarily result in that same conclusion by itself. As Roldan argued to the trial court and to us, section 119.12(1)(b)'s first sentence, when viewed in isolation, can easily be read to mean that the "written notice identifying the public record request" may be the public records request itself. Indeed, in this case, Roldan's written notice by e-mail identifying his public records request to the City's records custodian was a "written notice identifying the public record request." Again, only when reading section 119.12(1)(b)'s two sentences together can we reach the conclusion which the majority opinion articulates.

8

I also believe that—contrary to the City's and its amicus's position here—a public records requestor's later written notice—*merely identifying a prior public records request, without more*—would not reasonably convey to a public records custodian that:  (i) the responsible agency had not complied with the prior public records request, (ii) unless the responsible agency complies with the prior public records request within five days, the requestor intended to file a civil action to enforce the public records request, and (iii) the requestor intended to seek to recover the attorney's fees incurred in pursuing the civil action to a final judgment.  According to the City and its amicus, all three of those elements would simply be "understood," even though section 119.12(1)(b) does not require *any* of those three elements to be stated in the requestor's later written notice.

That is why I believe section 119.12(1)(b)'s first sentence was not written as clearly as possible—and as necessary—to: (1) convey to a public records requestor that the requestor must provide a *later* written notice identifying a *prior* public records request to the responsible agency's public records custodian at least five business days before filing a civil action in order for the requestor to recover reasonable attorney fees against the responsible agency which unlawfully refused to permit a public record to be inspected or copied; and (2) convey to a public records custodian that (i) the responsible agency had not complied with the prior public records request, (ii) unless the responsible agency complies with the prior public records request within five days, the requestor intended to file a civil action to enforce the public records request, and (iii) the requestor intended to seek to recover the attorney's fees incurred in pursuing the civil action to a final judgment.

To convey those points as clearly as possible, I would encourage the Legislature to consider amending section 119.12(1)(b)'s first sentence to read as follows (with certain existing portions of section 119.12(1) being repeated to better provide context, and with my proposed amendment being underlined):

> 119.12 Attorney fees.–
>
> (1) If a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines that:
>
> (a) The agency unlawfully refused to permit a public record to be inspected or copied; and
>
> (b) The complainant provided <u>later</u> written notice identifying the <u>prior</u> public record request to the agency's custodian of public records at least 5 business days before filing the civil action, except as provided under subsection (2).  <u>The later written notice must</u>

inform the agency's custodian of public records that: (i) the responsible agency had not complied with the prior public records request; (ii) unless the responsible agency complies with the prior public records request within 5 days, the complainant intends to file a civil action to enforce the public records request; and (iii) the complainant intends to seek to recover the attorney's fees incurred in pursuing the civil action to a final judgment. The notice period begins on the day the written notice of the request is received by the custodian of public records, excluding Saturday, Sunday, and legal holidays, and runs until 5 business days have elapsed.

This amendment would provide clarity to both public records requestors and public records custodians and, more importantly, would eliminate the need to rely upon our judicial interpretation of section 119.12(1)(b) in order to fully understand section 119.12(1)(b)'s requirements and ramifications.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***